DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DERICK ROSENWALD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2886

[October 23, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 06-10400CF10A.

J. David Bogenschutz and Jaclyn E. Broudy, of J. David Bogenschutz & Associates, P.A., Fort Lauderdale, for appellant.

No appearance required for appellee.

FORST, J.

Appellant filed a petition in this court seeking expedited review of the trial court's August 27, 2019 order that summarily denied his motion for postconviction relief. By separate order, we have determined to treat this petition as both a timely-filed notice of appeal and initial brief, and the appendix as the record on appeal. Upon review of the record and Appellant's arguments, we affirm the trial court's order, noting that the 2014 change in sentencing law at issue has not been declared retroactive by the Legislature.

In his "Motion for Resentencing on Retroactive Change in Punishment Statutes," Appellant asked to be resentenced under a law enacted in 2014 for the drug trafficking offense he committed in 2006. The 2014 law changed the mandatory minimum for the amount of oxycodone that Appellant possessed from 15 years to 7 years. Ch. 2014-176, § 1, Laws of Fla. (creating section 893.135(1)(c)3.b., Florida Statutes). Appellant argued that the 2018 amendment of Article X, section 9 of the Florida Constitution required that he be resentenced under the 2014 law.

Article X, section 9 of the Florida Constitution (referred to as the

"Savings Clause") previously provided: "Repeal <u>or amendment</u> of a criminal statute shall not affect prosecution <u>or punishment</u> for any crime previously committed." (emphasis supplied). However, in 2018, pursuant to a proposal by the Florida Constitutional Revision Commission, the voters approved an amendment to the clause, so that it now reads: "Repeal of a criminal statute shall not affect prosecution for any crime committed before such repeal." Art. X, § 9, Fla. Const. (2018).

In light of this amendment to the Savings Clause, Appellant argues that retroactive application of the 2014 law to his 2006 offense is *required*. He appears to be arguing that the 2018 amendment, which eliminated the prohibition on retroactive application of amended criminal statutes, actually *mandates* such retroactive application. This argument, however, has no merit. Retroactive application is neither prohibited nor mandatory; it is permissive and requires a declaration of statutory intent.

The 2014 change to the punishments for certain trafficking offenses expressly provided that the effective date of this new law would be July 1, 2014. Ch. 2014-176, § 5, Laws of Fla. There is *no* indication in the 2014 law that the Legislature either declared or intended this change in sentencing law to apply retroactively.

"The effective date of the statute has meaning and represents the will of the legislature. A statute that provides an unambiguous effective date is clear and controlling evidence of legislative intent." *Hight v. State*, 253 So. 3d 1137, 1142 (Fla. 4th DCA 2018). *See also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 261-62 (2012) (footnote omitted) (Declaring the "Presumption Against Retroactivity" canon that statutes "typically pronounce what the law becomes when the statutes take effect" is "basic to our rule of law," and noting "a statute reducing the penalties for a crime will be presumed to apply only to acts occurring after the statute's effective date, even though there is no constitutional difficulty in applying it to prior acts.").

*Affirmed.*

LEVINE, C.J., and TAYLOR, J., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

2